UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

John Foss

    Plaintiff

v.

Lincoln Life Assurance Company

of Boston

    Defendant

Case No.

**COMPLAINT**

Plaintiff, John Foss, for his Complaint against Defendant Lincoln Life Assurance Company of Boston, states as follows:

1. Mr. Foss is an individual who resides in Hancock, Maine and who at all pertinent times participated in a long-term disability plan (the "Plan"), sponsored by Eastern Maine Healthcare Systems ("Sponsor").

2. The Plan is funded, in part, through a group insurance policy Liberty Life Assurance Company of Boston sold the Sponsor(the "Policy"), for whom Mr. Foss worked as a Phlebotomist since 2007 until his total disability July 9, 2017.

3. Lincoln Life Assurance Company of Boston is a foreign company authorized to transact business in Maine.

4. Lincoln Life Assurance Company of Boston acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. Mr. Foss brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

6. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Lincoln Life Assurance Company of Boston because, per ERISA 502(e), 29 U.S.C. 1132(e)(2), Lincoln Life Assurance Company of Boston undertook to insure an ERISA plan that affected participants living in Maine.

## Claim for Relief

7. The Plan provides for short and long-term disability coverage for certain employees of Eastern Maine Healthcare Systems, including Mr. Foss.

8. The Policy defines total disability, in relevant part, as follows: you are disabled when you cannot perform the material and substantial duties your regular occupation.

9. After 24 months or 36 months, the definition of disability requires that one be unable to perform, ***with reasonable continuity***, the Material and Substantial Duties of Any Occupation. "Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

10. As stated above, Mr. Foss worked for Eastern Maine Healthcare Systems for many years, until July 9, 2017, at which time he discontinued work due to numerous medical conditions including, back pain with spondylosis, hypertension, hyperlipidemia, bicuspid aortic valve with underlying aortic

aneurysm, lung disease and obstructive sleep apnea, dyspnea, chest pain, shortness of breath, extremity swelling, enlarged kidney, neuropathy, carpal tunnel, foot pain, obesity, and polyneuropathy. Mr. Foss's medical history is significant for giant cell tumor of the coccyx with metastatic disease to both of his lungs, status post resection of both, as well as having chemotherapy and radiation in 1986.

11. Mr. Foss became disabled under the Policy on or about July 9, 2017 and has remained continuously disabled since then.

12. Ms. Foss filed a claim for short-term disability benefits, which was approved and paid through the duration of coverage.

13. Lincoln then approved Mr. Foss' long-term disability claim and paid it for 24 months.

14. Mr. Foss filed a claim for disability benefits ("SSDI") with the Social Security Administration ("SSA"), as instructed by Defendant, through third party vendor, The Advocator Group.

15. During that time, Mr. Foss filed a claim for Social Security Disability as instructed by Defendant a through third party vendor, The Advocator Group.

16. Lincoln Life Assurance Company of Boston received notification from the Advocator Group that SSA awarded MR. Foss SSDI benefits..

17. Lincoln Life Assurance Company of Boston quickly calculated the amount of the overpayment, with the help of the Advocator Group, and dispatched a letter to Mr. Foss indicating this disability claim became overpaid in the amount of $24,886.94. Lincoln demanded repayment of the overpayment.

18. Following the receipt of a fully favorable SSA decision, on January 1, 2020, Lincoln Life Assurance Company of Boston terminated Mr. Foss's claim based upon their conclusion which determined the following:

> Based on the medical documentation and supporting restrictions and limitations, it was determined Mr. Foss would not be precluded from the performance of Any Occupation after a Vocational Assessment and based on his capabilities. Therefore, terminated Mr. Foss's LTD claim as of January 8, 2020.

19. Lincoln Life Assurance Company of Boston's January 1, 2020 decision letter misleadingly noted all of the plan's eligible classes 1 through 12 and the Own Occupation and Any Occupation standards of disability under the Policy. The letter noted the plan cites both 24 and/or 36 months durations, depending on what class the insured was covered under. The letter further noted as 24 months had lapsed the Any Occupation standard was applied. The decision letter mislead Mr. Foss and did not specifically identify which Class applied to Mr. Foss's LTD claim. In addition, the different classes under the policy also have different elimination periods for the different classes. The letter did not specify which class Mr. Foss was insured under.

20. Lincoln Life Assurance Company of Boston decision violated ERISA's claims regulation and prevented Mr. Foss's from a full and fair review on his administrative claim.

21. Lincoln Life Assurance Company of Boston's decision noted a Vocational Analysis was completed. The Vocational Analysis, dated December 30, 2019, completed a Transferable Skills Analysis. Mr. Foss provided a

Training, Education and Experience form which noted the highest level of education he had achieved was 8th grade. The Vocational Transferable Skills Analysis noted the GED was adjusted to Grades 9-12.

22. John Foss timely appealed the January 1, 2020 LTD determination and the overpayment by Lincoln Life Assurance Company of Boston. The appeal included medical records from Massachusetts General Hospital, Maine Coast Hospital and Primary Health facility of Ellsworth, Maine.

23. Lincoln Life Assurance Company of Boston paid doctor to perform a file review who determined Mr. Foss maintained a sedentary capacity.

24. On October 15, 2020, Lincoln Life Assurance Company of Boston determined that Mr. Foss could perform certain other occupations identified in the prior Vocational Analysis completed by their claims department. Therefore, there was no independent Vocational Analysis completed by Lincoln Life Assurance Company of Boston for the appeal decision.

25. Lincoln Life Assurance Company of Boston's appeal decision, dated October 15, 2020, noted the overpayment amount and calculation due to the favorable SSA award. However, Lincoln Life Assurance Company of Boston failed to request the Social Security claim file and medical evidence to be included as part of their review. There was no documentation in the appeal

decision that the SSA medical evidence was even considered and why the LTD appeal decision differed from that of Social Security Disability's favorable decision.

26. Lincoln Life Assurance Company of Boston violated ERISA's claims regulations and it failed to provide a full and fair review.

27. Mr. Foss exhausted his administrative remedies under the Policy and Plan.

28. As a result of the foregoing, Mr. Foss has suffered a loss in the form of unpaid benefits.

29. Mr. Foss is entitled to a judgment against Lincoln Life Assurance Company of Boston in the amount of the unpaid long-term disability benefits under the Policy and Plan and reinstatement of his monthly disability benefits.

30. Mr. Foss is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, John Foss, requests the Court grant him the following relief from Defendant Lincoln Life Assurance Company of Boston:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. Reinstatement of his benefit claim

c. Costs and attorney's fees, under ERISA 502(g); and

d. All other relief the Court may deem proper.

Dated:1/22/2021

                                                    /s/Andrew S. Davis
                                                  Andrew S. Davis, Esq.